HUSTON, RESPONDENT, *v.* NUSS, APPELLANT.

[Submitted January 11, 1897. Decided January 18, 1897.]

*Fraud—Findings—Review on Appeal.*

FORECLOSURE OF MORTGAGE—*Findings.*—As a defense to an action to foreclose a mortgage, defendants contended that plaintiff agreed to deliver the money borrowed to one "K" to be used in a business venture, and that "K" was to repay plaintiff from the profits, that plaintiff, instead of so doing, kept the money and used it in the same venture, and failed to apply upon the debt moneys realized from the business; plaintiff claimed that the agreement was that he was to carry on the business until the amount borrowed was repaid from the venture and that he was then to turn the business over to "K; ' that he carried out his agreement, and that the net amount realized was so applied, but left a deficit, the amount sued for; *he'd,* that the finding of the jury upon these issues in favor of the plaintiff, being supported by the evidence, would not be reversed by the appellate court.

*Appeal from District court, Silver Bow County; J. J. Mc-Hatton, Judge.*

ACTION to foreclose a mortgage. Defendants (appellants here) admit the execution of the note and mortgage pleaded, but allege fraud and misrepresentation, by means of which they were induced to execute the same. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*W. I. Lippincott,* for Appellants.

*Charles O'Donnell,* for Respondent.

HUNT, J.—The appellants argue that the evidence was insufficient to justify the verdict of the jury. The question of

fàct which arose on the trial was as to the agreement between the mortgagor and mortgagees at the time of the execution of the mortgage. The defendants contended that the $1,000 borrowed was to be delivered by plaintiff, (respondent) to one Kinney and another to engage in a turkey-selling venture in Butte, and that said Kinney and his associate would repay plaintiff from the moneys or profits received from the business venture; but that, after the note and mortgage were executed, the plaintiff, instead of delivering the $1,000 to Kinney and his associate, Carter, entered into the business himself, and used the money therein, and failed to turn the same over to Kinney and Carter, as agreed. The plaintiff explained this on rebuttal by testifying that the defendants executed the mortgage and note upon the understanding that the plaintiff was to order the turkeys, and to have them come in his name, and that, when the $1,000 was realized, he was then to transfer the business to Kinney and Carter; that all this was done at defendants' express request, and in order that the moneys realized from the sale of the turkeys should be properly applied to reimburse plaintiff; and that his agreement was carried out by plaintiff's ordering the turkeys in his name, but that the net sales realized amounted to only $518.42, which was applied on the note. The jury found that there was no fraud or misrepresentation on plaintiff's part. They were fully justified in doing so under the evidence, and we shall not disturb their verdict.

The only other error relied on is the alleged failure to properly apply the money received to the payment of the note. This point is not well taken, as there is evidence to prove that the plaintiff did apply the net receipts of the sales of the turkeys upon the note, but that they were insufficient to wholly pay the same. The judgment and order must be affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.